SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------------X

| | |
|---|---|
| JAMES L. MILLS, JR. | Index No.: |
| Plaintiff, | PLAINTIFF DESIGNATES NASSAU COUNTY AS THE |
| -against- | PLACE OF THE TRIAL |
| HOME DEPOT U.S.A., INC. | **S U M M O N S** |
| Defendant. | CPLR §503(a) |

------------------------------------------------------------------------X

TO THE ABOVE-NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer on the plaintiffs' attorney within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

In case of your failure to answer this summons, a judgment by default will be taken out against you for the relief demanded in the complaint, together with the interest and costs of this action.

DATED:   Garden City, New York
         July 11, 2022

_____
Michael R. Reiner, Esq.
SCHWARTZAPFEL LAWYERS P.C.
Attorneys for Plaintiff
JAMES L. MILLS, JR.
600 Old Country Road, Suite 450
Garden City NY 11530
(516) 342-2200

DEFENDANTS' ADDRESSES:

HOME DEPOT U.S.A., INC.
344 Duffy Avenue
Hicksville, NY 11801

SECRETARY OF STATE (DIVISION OF CORPORATIONS)
99 Washington Avenue, 6th Floor
Albany, NY 12231

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------------X   Index No.:
JAMES L. MILLS, JR.

                                 Plaintiff,                    **VERIFIED COMPLAINT**

       -against-

HOME DEPOT U.S.A., INC.

                             Defendants.
------------------------------------------------------------------------X

        Plaintiff, JAMES L. MILLS, JR., by his attorneys, SCHWARTZAPFEL LAWYERS P.C., as and for his Complaint, allege(s), upon information and belief, as follows:

**AS AND FOR THE FIRST CAUSE OF ACTION**

        1.    At the time of the commencement of this action, plaintiff was a resident of the County of Suffolk, State of New York.

        2.    At all times herein mentioned, defendant, HOME DEPOT U.S.A., INC., was a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

        3.    At all times herein mentioned, defendant, HOME DEPOT U.S.A., INC., was a foreign corporation, duly licensed and/or duly authorized to do business in the State of New York.

        4.    At all times herein mentioned, defendant, HOME DEPOT U.S.A., INC., was a Limited Liability Company, duly organized and existing by virtue of the laws of the State of New York.

        5.    At all times herein mentioned, defendant, HOME DEPOT U.S.A., INC., was a foreign Limited Liability Company, duly authorized to do business in the State of New York.

6. At all times herein mentioned, defendant, HOME DEPOT U.S.A., INC., was a partnership.

7. At all times herein mentioned, defendant, HOME DEPOT U.S.A., INC., was a sole proprietorship.

8. At all times herein mentioned, defendant, HOME DEPOT U.S.A., INC., was an unincorporated business association.

9. At all times herein mentioned, defendant, HOME DEPOT U.S.A., INC., maintained a place of business in the County of Nassau and State of New York, located at 344 Duffy Avenue, Hicksville, NY 11801.

10. At all times herein mentioned and on 11/18/2021, defendant, HOME DEPOT U.S.A., INC., was the owner, or agent of the owner, of a certain lot or parcel of land together with any buildings, structures or fixtures located thereon, situated at Home Depot Distribution Center 344 Duffy Avenue, Hicksville, NY 11801(hereinafter the "location").

11. At all times herein mentioned and on 11/18/2021, defendant, HOME DEPOT U.S.A., INC., was the owner, or agent of the owner, of the above-mentioned location and, thus, was an owner and/or agent of the owner and/or general contractor within the definition contained in section 240 of the Labor Law of the State of New York.

12. At all times herein mentioned and on 11/18/2021, defendant HOME DEPOT U.S.A., INC., was the general contractor of a construction and/or renovation project situated at the subject location.

13. At all times herein mentioned, defendant, HOME DEPOT U.S.A., INC., its agents, servants, employees and/or licensees, operated the aforesaid location.

14. At all times herein mentioned, defendant, HOME DEPOT U.S.A., INC., its agents, servants, employees and/or licensees, maintained the aforesaid location.

15. At all times herein mentioned, defendant, HOME DEPOT U.S.A., INC., its agents, servants, employees and/or licensees, managed the aforesaid location.

16. At all times herein mentioned, defendant, HOME DEPOT U.S.A., INC., its agents, servants, employees and/or licensees, controlled the aforesaid location.

17. At all times herein mentioned and on 11/18/2021, defendant, HOME DEPOT U.S.A., INC., was undergoing a construction and/or renovation project at the aforesaid location.

18. At all times herein mentioned, plaintiff, JAMES L. MILLS, JR., was employed by RC Andersen Construction located at 695 Route 46 West, Fairfield, NJ 07004.

19. At all times herein mentioned, defendant, HOME DEPOT U.S.A., INC., its agents, servants, employees and/or licensees entered into a contract and/or agreement with RC Andersen Construction, its agents, servants, employees and/or licensees, to provide certain work, labor and/or services at the aforesaid location.

20. At all times herein mentioned, defendant, HOME DEPOT U.S.A., INC., its agents, servants, employees and/or licensees, hired and/or retained RC Andersen Construction pursuant to a written contract and/or agreement.

21. At all times herein mentioned, it was the duty of the defendant, their agents, servants, employees and/or licensees to provide the plaintiff with a safe place to work.

22. At all times herein mentioned, the defendant, their agents, servants, employees and/or licensees had the non-delegable duty to see that the work site was safe and free of dangers and hazards to those workers located thereat.

23. At all times herein mentioned, plaintiff, JAMES L. MILLS, JR., was working as a superintendent at the aforesaid location.

24. On or about November 18, 2021, while acting within the course and scope of his employment at the aforesaid location plaintiff, JAMES L. MILLS, JR., sustained serious and

severe personal injuries.

25. The aforesaid occurrence and/or resultant injuries were caused by reason of the negligence, carelessness and/or recklessness of the defendants, HOME DEPOT U.S.A., INC., their agents, servants, employees and/or licensees herein, without any negligence on the part of plaintiff contributing thereto.

26. As a result of the foregoing, plaintiff was and/or will be rendered sick, sore, lame and disabled; suffered injuries both internal and external, pain and mental anguish; was compelled to seek care and attention and upon information and belief, will in the future be compelled to seek care and attention; was prevented from following his usual occupation and/or avocation, has and/or will incur lost earnings as a result thereof and, upon information and belief, will in the future be disabled from following his usual occupation and/or avocation and/or was otherwise injured and damaged.

27. This action falls within one or more of the exemptions set forth in Article 16 of the CPLR.

28. As a result of the foregoing, plaintiff has been damaged, in an amount exceeding the jurisdictional limits of all other Courts which would otherwise have jurisdiction.

## AS AND FOR THE SECOND CAUSE OF ACTION

29. Plaintiff, JAMES L. MILLS, JR., repeats, reiterates and realleges each and every allegation contained in paragraphs of this complaint numbered "1" to "28" with the same force and effect as though more fully set forth at length herein.

30. On 11/18/2021, there existed in full force and effect within the State of New York, Section 240 of the Labor Law of the State of New York.

31. By reason of the negligence, carelessness and/or recklessness, of the defendants, their agents, servants, employees and/or licensees as aforesaid, the said defendants violated

Section 240 of Labor Law of the State of New York.

32. By reason of the foregoing, the plaintiff, JAMES L. MILLS, JR., has been damaged in an amount exceeding the jurisdictional limits of all other Courts which would otherwise have jurisdiction.

## AS AND FOR THE THIRD CAUSE OF ACTION

33. Plaintiff, JAMES L. MILLS, JR., repeats, reiterates and realleges each and every allegation contained in paragraphs of this complaint numbered "1" to "32" with the same force and effect as though more fully set forth at length herein.

34. On 11/18/2021, there existed in full force and effect within the State of New York, Section 241 of the Labor Law of the State of New York.

35. On 11/18/2021, there existed in full force and effect within the State of New York, Rule 23 of the Industrial Code of the State of New York (12 NYCRR 23).

36. By reason of the negligence carelessness and/or recklessness, of the defendants their agents, servants, employees and/or licensees as aforesaid, the said defendants violated the provisions of Rule 23 of the Industrial Code of the State of New York and Section 241 of Labor Law of the State of New York.

37. By reason of the foregoing, the plaintiff, JAMES L. MILLS, JR., has been damaged in an amount exceeding the jurisdictional limits of all other Courts which would otherwise have jurisdiction.

## AS AND FOR THE FOURTH CAUSE OF ACTION

38. Plaintiff, JAMES L. MILLS, JR., repeats, reiterates and realleges each and every allegation contained in paragraphs of this complaint numbered "1" to "37" with the same force and effect as though more fully set forth at length herein.

39. On 11/18/2021, there existed in full force and effect within the State of New

York, Section 200 of the Labor Law of the State of New York.

40. By reason of the negligence, carelessness and/or recklessness of the defendants, their agents, servants, employees and/or licensees as aforesaid, the said defendants violated Section 200 of Labor Law of the State of New York.

41. By reason of the foregoing, the plaintiff, JAMES L. MILLS, JR., has been damaged in an amount exceeding the jurisdictional limits of all other Courts which would otherwise have jurisdiction.

WHEREFORE, plaintiff(s), JAMES L. MILLS, JR., respectively demands judgment against defendants, HOME DEPOT U.S.A., INC., on the First, Second, Third and Fourth Causes of Action in an amount exceeding the jurisdictional limits of all other Courts which would otherwise have jurisdiction; all together with the interest, costs and disbursements of this action.

Dated: Garden City, New York
       July 11, 2022

_____
Michael R. Reiner, Esq.
SCHWARTZAPFEL LAWYERS P.C.
Attorneys for Plaintiff
JAMES L. MILLS, JR.
600 Old Country Road, Suite 450
Garden City, NY 11530
(516) 342-2200

**ATTORNEY VERIFICATION**

STATE OF NEW YORK )
: ss.
COUNTY OF NASSAU )

I, Michael R. Reiner, an attorney duly admitted to practice law in the State of New York, make the following affirmation under the penalties of perjury:

I am an attorney in the firm of SCHWARTZAPFEL LAWYERS, P.C., the attorneys of record for the plaintiff.

I have read the foregoing COMPLAINT and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

This verification is made by affirmant and not by plaintiff because plaintiff does not reside in the County of Nassau, which is the County where your affirmant maintains offices.

The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiff, information contained in the said plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated: Garden City, New York
July 11, 2022

_____
Michael R. Reiner, Esq.

FILED: NASSAU COUNTY CLERK 07/11/2022 04:32 PM
NYSCEF DOC. NO. 1

INDEX NO. 609021/2022
RECEIVED NYSCEF: 07/11/2022

Case 2:22-cv-04695-AMD-LGD   Document 1-1   Filed 08/09/22   Page 10 of 10 PageID #: 16

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

JAMES L. MILLS, JR.

                Plaintiff,

-against-

HOME DEPOT U.S.A.

                Defendant.

---

**SUMMONS AND VERIFIED COMPLAINT**

---

**SCHWARTZAPFEL LAWYERS P.C.**
*Attorneys for Plaintiff*
**600 Old Country Road, Suite 450**
**Garden City, NY 11530**
**(516) 342-2200**

---

Dated: July 11, 2022

**SCHWARTZAPFEL LAWYERS P.C.**
*Attorneys for Plaintiff*
*600 Old Country Road, Suite 450*
*Garden City, NY 11530*